# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| DEAN GIBSON KILBY, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:24-CV-132 (LAG) |
| CO1 MOODY, *et al.*, | : |
| Defendants. | : |

# **ORDER**

Plaintiff Dean Gibson Kilby, a prisoner at Augusta State Medical Prison in Grovetown, Georgia, filed a complaint under 42 U.S.C. § 1983. (Docs. 1, 6). He also moved for leave to proceed in this action *in forma pauperis* ("IFP"). (Doc. 13). Thereafter, Plaintiff's motion to proceed IFP was granted, and Plaintiff was ordered to pay an initial partial filing fee. (Doc. 14). Plaintiff was given fourteen days to pay the fee and was cautioned that his failure to do so could result in the dismissal of this case. (*Id.*).

The time for compliance passed, during which Plaintiff did not pay the initial partial filing fee or otherwise respond to the Court's Order. Moreover, the Order for Plaintiff to pay the initial partial filing fee, which was sent to Plaintiff at Augusta State Medical Prison, was returned to this Court by the Post Office, and a review of the Georgia Department of Corrections Inmate Search shows that Plaintiff was released from Augusta State Medical Prison on July 9, 2025. (Doc. 15); *see* Georgia Department of Corrections Inmate Search, https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp [https://perma.cc/2EXL-DCRL] (searched "Kilby, Dean") (last visited November 18, 2025). As it is Plaintiff's responsibility to keep the Court informed of his current address, and insofar as this Court has no information as to Plaintiff's current whereabouts, the Magistrate Judge ordered Plaintiff to show cause to the Court why this case should not be dismissed for failure to comply with the Court's order to pay the initial partial filing fee.

(Doc. 16). Plaintiff was given fourteen days to respond and was cautioned that his failure to do so would likely result in the dismissal of this case. (*Id.*).

More than fourteen days have now passed since the show cause Order was entered, and Plaintiff has not responded to that Order. Therefore, because Plaintiff has failed to respond to the Court's Orders or otherwise prosecute this case, the complaint is now **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 4th day of December, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**